CC: JTd
FLC
MM - Exhibit

BEFORE THE ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| In the Matter of the Appeal of<br><br>LUK, Inc.<br><br>Under Lease Nos. DACA65-85-9-0001<br>DACA65-85-9-0002 | ASBCA Nos.<br>50659<br>52368<br>52793 |

SETTLEMENT AGREEMENT

This Agreement is made between the United States of America, acting by and through the United States Army Corps of Engineers, New York District ("the Government"), and LUK, Inc. ("LUK").

WHEREAS, Lease Nos. DACA65-85-9-0001 and DACA65-85-9-0002 for the lease of Section 801 Army Family Housing ("the Housing" or "the Premises") at Fort Drum, New York were awarded to LUK by the Government on February 1, 1988 ("the Leases"); and

WHEREAS, by letter dated December 19, 1995, the Government sought repayment of $134,770 for alleged overpayments made to LUK for material used in repair of occupant damages to the Premises; and

WHEREAS, by Contracting Officer's Decision of February 27, 1997, the Government's right to this sum was affirmed by the Government; and

WHEREAS, in February and March of 1994, the Government removed twenty four occupants from the Premises and suspended rent for those housing units due to flooding; and

WHEREAS, LUK constructed a flood control system; and

WHEREAS, LUK engaged in restructuring of the financing of the Premises in 1995; and

WHEREAS, as part of that restructuring the Government executed "Estoppel Certificates" on July 14, 1995; and

WHEREAS, LUK appealed to the Armed Services Board of Contract Appeals ("the Board") by Notice of Appeal dated March 27, 1997, seeking relief from the Government's claim of $134,770, as well as from the Government's paying those materials at a prorated rate; and

WHEREAS, said appeal was docketed as ASBCA Nos. 50659 and 52368; and

WHEREAS, LUK appealed on December 11, 1997 to the United States Court of Federal Claims concerning the Government's suspension of rent on the twenty four units, the construction of the flood control system, and the Government's not signing the Estoppel certificates earlier than July 14, 1995; and

WHEREAS, that appeal was remanded by the Court of

Federal Claims to the Board and was docketed as ASBCA No. 52793; and

WHEREAS, there is pending in the United States Court of Federal Claims an appeal filed by LUK seeking payment for underpayment of carpet replacement charges for calendar years 1994 to present; and

WHEREAS, LUK has filed an appeal in this action seeking payment for underpayment of carpet replacement charges for the calendar years 1992 and 1993, which appeal was also docketed as ASBCA Nos. 50659 and 52368; and

WHEREAS, following negotiations between the parties, LUK and the Government determined that it was in their mutual interest to compromise and settle these Appeals, under the terms and conditions stated herein.

THEREFORE, in consideration of the foregoing, the parties agree as follows:

1. The Government agrees to pay to LUK, and LUK agrees to accept the sum of FOUR MILLION, TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($4,250,000), which sum includes interest under the Contract Disputes Act, in full and complete settlement of the claims.

2. Excepting the obligation created by this Agreement and in consideration for the receipt of all sums due or to become due under this Agreement, LUK fully releases the Government, as well as its agencies, officers, agents, employees, and former employees, including but not limited to the United States Army Corps of Engineers and Fort Drum, their officers, agents, employees, and former employees from any and all claims, appeals, lawsuits, administrative actions, or other requests for compensation or other relief, either individually or in their official capacities, for any and all claims arising from or related to the subject leases, as well as ASBCA Nos. 48053 and 48420 and Court of Federal Claims No. 99-705C.

3. LUK further agrees, promises, and warrants that neither it nor any subsidiary, affiliate, or entity related to it will bring any action of any nature, whether under law, equity or administrative law against the United States or any agency, officer, agent, employee, or former employee thereof, either individually or in their official capacities, requesting compensation or other relief arising from the circumstances or facts of the claims which are the subject of this

Agreement, as well as ASBCA Nos. 48053 and 48420 and Court of Federal Claims No. 99-705C, except as may be necessary to enforce LUK's rights under this Agreement.

4. Excepting the obligations created by this Agreement and in consideration for the receipt of all sums due or to become due under this Agreement, the Government fully releases LUK, its shareholders, directors, officers, agents, employees, and former employees, from any and all claims, actions, appeals, lawsuits, administrative actions, or other requests for compensation or other relief, for any and all claims arising from or related to the subject leases, as well as ASBCA Nos. 48053 and 48420 and Court of Federal Claims No. 99-705C.

5. The Government further agrees, promises, and warrants that neither it nor any subsidiary, affiliate, or entity related to it will bring any action of any nature, whether under law, equity or administrative law against LUK, its shareholders, directors, officers, agent, employee, or former employee thereof, either individually or in their official capacities,

requesting compensation or other relief arising from the circumstances or facts of the claims which are the subject of this Agreement, as well as ASBCA Nos. 48053 and 48420 and Court of Federal Claims No. 99-705C, except as may be necessary to enforce the Government's rights under this Agreement.

6. The Government further agrees that it will withdraw and not reinstate its claim for $134,770 for material overcharges and will not file further claims for any other such alleged overcharges, past, present or future.

7. The parties agree that future material prices billed by LUK for repair of occupant damage will be at the full price list price according to the then current price list established under Lease Exhibit C, Section C.1.t., not at the actual price. The parties also agree such material prices will not be paid on a prorated basis.

8. The parties have agreed to revise the unit turnover process and to reduce to ZERO ($0) the "Accrual Account", as defined in the Lease, as set forth in the attached Exhibit A. The parties further agree to execute a Supplemental Agreement consistent with the terms and conditions set forth

in Exhibit A, which will supersede any and all applicable lease terms.

9. The parties agree that the amount credited to date to the "Accrual Account" specified by the Leases, now estimated by the Government at $3.4 million, will be reduced, effective December 31, 2001, to ZERO ($0).

10. The parties reaffirm the provisions of Lease Exhibit C, Section C.1.s: "Damages to a housing unit or to other improvements within the project which are beyond normal wear and tear and are caused by the government or an occupant, his dependents, or invited guests, which are not corrected by government or occupant, shall be repaired by the owner…."

11. Appellant agrees to file a Stipulation of Dismissal with the Armed Services Board of Contract Appeals seeking dismissal with prejudice of ASBCA Nos. 50659, 52368 and 52793 subject to reinstatement only in the event that the settlement is not consummated as agreed herein.

12. LUK agrees to notify the United States Court of Federal Claims and request that the Court stay all proceedings in Court of Federal Claims No. 99-

705C pending consummation of this Settlement Agreement.

13. Upon receipt of the settlement amount as provided in Paragraph 1, LUK shall request that the Court of Federal Claims dismiss with prejudice No. 99-705C.

14. Appellant agrees not to file any further claims for carpet underpayments during any period to date.

15. The Government agrees to immediately seek to determine availability of funds to pay the settlement amount. After sixty days the Government agrees to initiate the process for obtaining approval for the use of the Judgment Fund consistent with EFARS Appendix A. If payment of the settlement amount is not made within ninety days of the date of this Agreement, the Government agrees to pay LUK interest on the principal amount at the then current applicable rate.

16. The terms and conditions of this Settlement Agreement shall be confidential and shall not be disclosed by the parties or their agents to any third party, except to accountants, attorneys, or other advisors unless required by order of a court of competent jurisdiction.

1/24/02
Date

Walter Uccellini
LUK, Inc.

1/24/02
Date

Thomas J. Gallo, Esq.
Robins, Kaplan, Miller & Ciresi
2600 One Atlanta Plaza
Atlanta, Georgia 30326
Attorney for Appellant

1/24/02
Date

Donald M. Harris
James E. Mercer
Engineer Trial Attorneys
US Army Engineer District, New York
Attorneys for Respondent

24 JAN 02
Date

James Corriveau
Deputy Director of Public Works
Fort Drum, New York

1/24/02
Date

Noreen D. Dresser
Acting Chief, Real Estate Division
Contracting Officer